PER CURIAM.
The appellant, who was the plaintiff below, filed this appeal from a declaratory judgment. Previously the defendant Lis-beth Whitman had sold certain improved real estate and received a purchase money mortgage. She had assigned the mortgage to the defendant Melvin J. Haber. The property was resold, and subsequently was acquired, subject to the mortgage, by the plaintiff-appellant 1195 Corporation. The disputes sought to be resolved by declaratory judgment related to the amount due on the mortgage, and the rate of interest. The assignee of the mortgage contended the amount of the mortgage indebtedness was $14,838.39 as originally recited in the mortgage. The landowner contended the indebtedness had been reduced to $12,906.-73, because of certain circumstances set forth in the complaint. As to interest, the dispute was whether the interest was 6.39 percent per annum, as contended by the mortgagee or 6 percent per annum as contended by the owner.
The cause was tried before the court. In the judgment entered, the trial court found: “The plaintiff has failed to prove the allegations of the complaint and defendant, Melvin J. Haber, has proved the mortgage balance as he alleged.” As to the interest rate, the court found: “That heretofore this court has determined, by stipulation of counsel, that the interest rate on subject mortgage is six (6) per cent per annum.” Based thereon, the judgment of the court was as follows:
“1. That the Defendant, Melvin J. Haber’s mortgage was $14,838.39 originally and was $14,786.64 on the 11th day of November, 1965 when assigned to him by Defendant, Lisbeth Whitman, and after the March 1, 1970 payment, which was made, the principal mortgage balance was $13,243.04.
“2. That the interest rate on said note is six (6) per cent per annum.”
*534 On consideration of the pleadings and documents in the record we find no reason sufficient in law to reverse the declaratory judgment entered by the trial court. No transcript of testimony is included in the record. We are impelled to conclude the appellant has not carried its burden of demonstrating error in the trial court’s determination of the issues involved.
Affirmed.